**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

YOSEMITE SECURITIES TRUST I, YOSEMITE    :
SECURITIES COMPANY LTD., ENRON CREDIT    :
LINKED NOTES TRUST, ENRON CREDIT         :
LINKED NOTES TRUST II, ENRON EURO        :
CREDIT LINKED NOTES TRUST, and ENRON     :
STERLING CREDIT LINKED NOTES TRUST,      :
each by THE BANK OF NEW YORK, as Indenture :
Trustee and Collateral Agent; AG ARB     :   **Case No. 04 CV 7301 (DC) (KNF)**
PARTNERS, L.P.; AG CAPITAL FUNDING       :
PARTNERS, L.P.; AG CAPITAL RECOVERY      :
PARTNERS, L.P.; AG CAPITAL RECOVERY      :
PARTNER II, L.P.; AG CAPITAL RECOVERY    :
PARTNERS III, L.P.; AG CNG, L.P.; AG ELEVEN :   **MEMORANDUM OF LAW**
PARTNERS, L.P.; AG MM, L.P.; AG PRINCESS, :   **IN SUPPORT OF REMAND**
L.P.; AG SUPER ADVANTAGE, L.P.; AG SUPER  :
FUND, L.P.; AG SUPER FUND                 :
INTERNATIONAL PARTNERS, L.P.;             :
APPALOOSA INVESTMENT L.P. I;              :
COMMONFUND EVENT-DRIVEN COMPANY;          :
DAVIDSON KEMPNER INTERNATIONAL,           :
LTD.; DAVIDSON KEMPNER INSTITUTIONAL      :
PARTNERS, L.P.; DAVIDSON KEMPNER          :
PARTNERS; ELLIOTT INTERNATIONAL, L.P.;    :
GAM ARBITRAGE INVESTMENTS INC.; THE       :
LIVERPOOL LIMITED PARTNERSHIP; M.H.       :
DAVIDSON & CO.; NUTMEG PARTNERS, L.P.;    :
PALOMINO FUND LTD.; PHS BAY COLONY        :
FUND, L.P.; and SERENA LIMITED;           :
                                          :
            Plaintiffs,                   :
                                          :
        v.                                :
                                          :
                                          :
CITIBANK, N.A.; CITIGROUP, INC.; and DELTA :
ENERGY CORPORATION,                       :
                                          :
            Defendants.                   :
                                          :
                                          :
                                          :
                                          :

```
                                                    :
------------------------------------------------ :
                                                    :
YOSEMITE SECURITIES TRUST I, YOSEMITE   :
SECURITIES COMPANY LTD., ENRON CREDIT :
LINKED NOTES TRUST, ENRON CREDIT          :
LINKED NOTES TRUST II, ENRON EURO         :
CREDIT LINKED NOTES TRUST, and ENRON    :
STERLING CREDIT LINKED NOTES TRUST,     :
                                                    :
                  Nominal Defendants as to     :
                  Fraudulent Conveyance        :
                  Claims                               :
                                                    :
------------------------------------------------ x
```

# TABLE OF CONTENTS

**Page**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Discussion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.    This Action Is Not "Related to" Enron's Bankruptcy Case Within the Meaning of
      28 U.S.C. § 1334(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      A.    Potential Indemnity Claims Do Not Justify a Finding of "Related To"
            Jurisdiction Within the Meaning of 28 U.S.C. § 1334(b) . . . . . . . . . . . . . . . . . . 4

      B.    Citibank Incorrectly Asserts That Plaintiffs' Claims in This Case Could
            Be Satisfied by an Outcome of the Enron Bankruptcy (They Cannot);
            But Either Way This Assertion Does Not Support Federal Jurisdiction . . . . . . . . 7

II.   This Court Should Remand This Case to State Court Pursuant to the Permissive
      Abstention Provisions of 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b). . . . . . . . . . . . 9

      A.    The Relevant Factors Support Abstention Under §§ 1334(c)(1) and 1452(b) . . . . 9

            1.    Efficient Administration of the Bankruptcy Estate . . . . . . . . . . . . . . . . . 10

            2.    The Extent to Which State Law Dominates . . . . . . . . . . . . . . . . . . . . . . . 11

            3.    Difficulty of Unsettled Nature of Applicable State Law . . . . . . . . . . . . . 11

            4.    Comity With State Courts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

            5.    Lack of Connection to the Bankruptcy . . . . . . . . . . . . . . . . . . . . . . . . . . 12

            6.    Right to a Jury Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

            7.    Removal Will Prejudice Plaintiffs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## **TABLE OF CONTENTS**
### **(Continued)**

**Page**

B.    Citibank's Attempt to Misuse Bankruptcy Jurisdiction Should Not Be Rewarded . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

III.    This Court *Must* Remand This Case to State Court Pursuant to the Mandatory Abstention Provision of 28 U.S.C. § 1334(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## TABLE OF AUTHORITIES

**Page**

### CASES

*176-60 Union Turnpike, Inc., v. Howard Beach Fitness Center, Inc.,*
   209 B.R. 307 (Bankr. S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Arnold v. Garlock, Inc.,*
   278 F.3d 426 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*AUSA Life Insurance Co. v. Citigroup, Inc.,*
   293 B.R. 471 (N.D. Iowa 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*California Public Employees' Retirement Systems,*
   368 F.3d 86 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Celotex Corp. v Edwards,*
   514 U.S. 300 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7

*Christo v. Padgett,*
   223 F.3d 1324 (11th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Citigroup, Inc. et al. v. Pacific Investment Management Co., LLC (In re Enron Corp.),*
   296 B.R. 505 (C.D. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Digital Satellite Lenders LLC v. Ferchill,*
   2004 WL 1794502 (S.D.N.Y. August 10, 2004) . . . . . . . . . . . . . . . . . . . . . . 1, 10, 11, 12

*Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.,*
   130 B.R. 405 (Bankr. S.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Baldwin Park Inn Associates,*
   144 B.R. 475, 481 (C.D. Cal. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*In re Cuyahoga,*
   980 F.2d 110 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 8, 9

## TABLE OF AUTHORITIES
### (Continued)

**Page**

*In re Federal-Mogul*,
  300 F.3d 368 (3d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

*In re Federal-Mogul Global, Inc.*,
  282 B.R. 301 (Bankr. D. Del. 2002),
  *mandamus denied*, 300 F.3d 368 (3d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . 4, 11, 15, 16

*In re Global Crossing*,
  311 B.R. 345 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Gober*,
  100 F.3d 1195 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*In re Inn on the Bay, Ltd.*,
  154 B.R. 364 (Bankr. S.D. Fla. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Kerusa Co. v. W10Z/515 Real Estate Ltd. P'ship*,
  2004 WL 1048239 (S.D.N.Y. May 7, 2004) . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12, 13

*In re Lazar*,
  237 F.3d 967 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*In re Masterwear Corp.*,
  241 B.R. 511 (Bankr. S.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Midlantic Nat'l Bank/Citizens v. Comtek Electronics, Inc.*,
  23 B.R. 449 (Bankr. S.D.N.Y. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*In the matter of Oliver Stores, Inc.*,
  107 B.R. 40 (Bankr. N.J. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re Pacor, Inc.*,
  743 F.2d 984 (3d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*In re P.D.S. Dev. Corp.*,
  103 B.R. 93 (Bankr. S.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

iv

## TABLE OF AUTHORITIES
### (Continued)

**Page**

*Port Authority of New York and New Jersey v. CCI-Bowers Co.*,
   1992 WL 164441 (D. N. J. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Renaissance Cosmetics, Inc. v. Dev. Specialists, Inc.*,
   277 B.R. 5 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Retirement Systems of Alabama v. J.P. Morgan Chase & Co.*,
   285 B.R. 519 (Bankr. M.D. Ala. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Retirement Systems of Alabama v. Merrill Lynch & Co.*,
   209 F. Supp. 2d 1257 (M.D. Ala. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 15

*Robinson v. Michigan Consol. Gas Co. Inc.*,
   918 F.2d 579 (6th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*In re Selig*,
   135 B.R. 241 (Bankr. E.D. Pa. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Southmark Corp.*,
   163 F.3d 925 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*In re Tucson Estates, Inc.*,
   912 F.2d 1162 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re United Container, LLC*,
   284 B.R. 162 (Bankr. S.D. Fla. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re U.S. Brass Corp.*,
   110 F.3d 1261 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*U.S. ex rel. King v. Hillcrest Health Center, Inc.*,
   264 F.3d 1271 (10th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

*In re WorldCom Inc. Securities Litigation*,
   293 B.R. 308 (Bankr. S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Zale*,
   62 F.3d 746 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

v

## TABLE OF AUTHORITIES
### (Continued)

**Page**

**STATUTES**

N.Y. Debtor & Creditor L §§ 273 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 U.S.C. § 1334(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 9

28 U.S.C. § 1334(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 16, 17

28 U.S.C. § 1334(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9

28 U.S.C. § 1334(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 16, 17

28 U.S.C. § 1344(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

28 U.S.C. § 1447 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

28 U.S.C. § 1452(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## Introduction

This motion presents an issue that is both straightforward and commonplace in removal jurisdiction: If a defendant contends that it has a potential indemnification claim against an entity in bankruptcy, is the entire action then removable to federal court based on "related to" bankruptcy jurisdiction? Here Defendants contend that this action is "related to" the Enron bankruptcy because, if they are ultimately liable to plaintiffs, they may have an indemnification claim against Enron.

The answer is that this is not enough. Numerous cases in the Second Circuit and elsewhere have held either that a contingent indemnification claim does not support federal jurisdiction at all, or that cases removed on such grounds should be equitably remanded. Only last month, this Court equitably remanded a case noting prior holdings that

> if defendants "acquire an indemnification claim, [they] can assert it
> in the bankruptcy case," and jurisdiction should not be retained on
> that basis.

*Digital Satellite Lenders LLC v. Ferchill*, 2004 WL 1794502 at *6 (S.D.N.Y. August 10, 2004).

Defendants' purpose--as they have candidly acknowledged elsewhere[1]--is to slow this case down by miring it in the massive multi-district litigation arising from the bankruptcy of

---

[1] In another removed action, Defendants admitted they were using "the bankruptcy jurisdiction provisions . . . in an attempt to get the case to Texas" rather than out of any desire to be heard in the New York Bankruptcy Court handling Enron's estate. *See Retirement Systems of Alabama v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257, 1268-69 (M.D. Ala. 2002).

1

Enron Corporation ("Enron"), currently pending before the Southern District of Texas.[2] But this action involves only New York state law claims arising from New York transactions. Enron is not a party to this action. And, as explained below, this action will have no effect on the administration of the Enron estate. The Court should therefore remand it to state court.

Plaintiffs move for remand on three grounds. First, contrary to Defendants' argument in their removal petition, this action is not "related to" a bankruptcy case within the meaning of 28 U.S.C. § 1334(b). Second, even if this Court were to rule that this action is "related to" a bankruptcy case within the meaning of 28 U.S.C. § 1334(b), it should abstain from exercising federal jurisdiction over this action pursuant to the permissive abstention provisions of 28 U.S.C. §§ 1334(c)(1) and 1452(b). Third, if the Court were to rule that this action is "related to" a bankruptcy case within the meaning of 28 U.S.C. § 1334(b), this Court must nevertheless remand this action to state court pursuant to the mandatory abstention provision of 28 U.S.C. § 1334(c).

## Statement of Facts

1.     On August 23, 2004, Plaintiffs commenced this action by filing their Original Petition in the New York State Supreme Court.[3]

2.     This action arises from a massive scheme of deception designed and orchestrated by defendant Citibank, N.A. and its parent and affiliated entities (referred to collectively herein as "Citibank"). Through this scheme Citibank raised billions of dollars from Plaintiff Trusts, in

---

[2] Defendants made a filing with the MDL panel requesting transfer of this action to Texas, and consolidation with MDL 1446, immediately after removal to this Court.

[3] A copy of Plaintiffs' Complaint ("Complaint") is attached to Defendants' Notice of Removal as Exhibit A.

2

pertinent part, to mitigate Citibank's own Enron credit risk.  The Trusts seek recovery against

Citibank and related entities on various tort and contract theories, including fraud.  Because the

transactions entered into between Citibank and the trusts were not for fair value and rendered the

trusts insolvent, the trusts' creditors also bring fraudulent transfer claims.  No claims are asserted

by or against Enron in this action.

3.      By August 24, 2004, Citibank had been served with process in this action.

4.      On September 13, 2004, Citibank removed this action from state court to this

Court on the basis that the action is "related to" the Enron bankruptcy pending in this district.

*See* Notice of Removal.  Citibank also immediately sought transfer of this action to the Southern

District of Texas, seeking to consolidate it with MDL 1446.  *See* Notice of Potential Tag-Along

Action, filed September 14, 2004 in MDL 1446, attached to this Motion as Exhibit A.

Deposition discovery in MDL 1446 has already been underway (at the pace of up to five

depositions per day) for months and trials in MDL 1446 are set to begin in October of 2006.  *See*

March 11, 2004 Scheduling Order (#2019 in MDL 1446).

5.      There is no diversity jurisdiction in this action, and there is no federal question

jurisdiction.  *See generally* Plaintiffs' Complaint; Notice of Removal (not alleging diversity or

federal question jurisdiction).

6.      Citibank proposes only one basis for federal jurisdiction of this action: "related to"

bankruptcy jurisdiction under 28 U.S.C. §§ 1334(b).  *See id.* ¶ 30.  Section 1334(b) provides in

relevant part that "the district courts shall have original *but not exclusive* jurisdiction of all civil

proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C.

§ 1334(b) (emphasis added).  Citibank argues that this action is "related to" the Chapter 11

proceeding of Enron Corporation, pending in this district.  Notice of Removal ¶ 30.

      7.      Enron is not a party to this action, and no asset of Enron's estate is a subject of this

action.  As explained in detail below, this action will not have an effect on the Enron estate.

## Discussion

**I.    This Action Is Not "Related to" Enron's Bankruptcy Case Within the Meaning of 28 U.S.C. § 1334(b).**

    **A.    <u>Potential Indemnity Claims Do Not Justify a Finding of "Related To" Jurisdiction Within the Meaning of 28 U.S.C. § 1334(b)</u>**

      The Second Circuit test for whether an action is "related to" a bankruptcy case

within the meaning of § 1334(b) is whether the action might have "any conceivable effect" on the

bankrupt estate.  *In re Cuyahoga*, 980 F.2d 110, 114 (2d Cir. 1992).  This is the test originally

articulated by the Third Circuit in *In re Pacor, Inc.*, 743 F.2d 984 (3d Cir. 1984), cited

approvingly in *Cuyahoga*.  Although broadly phrased, this test is applied in a manner consistent

with the Supreme Court's caution that "'related to' jurisdiction cannot be limitless." *Celotex Corp.*

*v Edwards*, 514 U.S. 300, 308 (1995) (citing *Pacor* approvingly); *see also Paco*r, 743 F. 2d at

994.  "'[C]ommon sense cautions against an open-ended interpretation of the 'related to'

language 'in a universe where everything is related to everything else.'" *In re Federal-Mogul*

*Global, Inc.*, 282 B.R. 301, 307 (Bankr. D. Del. 2002), mandamus denied, 300 F.3d 368, 382 (3d

Cir. 2002) (citation omitted).

      A case will be "related to" a bankruptcy case only where "the outcome could alter

the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and

which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor,*

743 F.2d at 994; *see also In re Federal-Mogul*, 300 F.3d at 382.  The Third Circuit has also made clear that "related to" jurisdiction cannot exist where the alleged "conceivable effect" on the bankruptcy proceeding involves "the intervention of yet another lawsuit."  *In re Federal-Mogul*, 300 F.3d at 382.

Defendants bear the burden of demonstrating that the federal jurisdictional requirements for removal asserted in their Notice of Removal have been satisfied.  *California Public Employees' Retirement Systems*, 368 F.3d 86 (2d Cir. 2004).  Even though the test for federal jurisdiction is whether the action could impact the *debtor's* estate (as opposed to mere factual similarities), Citibank makes only one assertion as to how the outcome of this action could conceivably affect Enron's estate.[4]  It asserts that Enron "may" owe Citibank contribution or indemnity in the event judgment is rendered in favor of Plaintiffs in this action.  Notice of Removal ¶ 34.  This is the exact fact pattern addressed by the Third Circuit in the *Pacor* case, in which the court found federal jurisdiction did not exist.

As reasoned by the court in *Pacor* (where Higgins and Pacor were both creditors and Manville was the debtor):

> [T]he primary action between Higgins and Pacor would have no effect on the Manville bankruptcy estate, and therefore is not "related to" bankruptcy . . . .  At best, it is a mere precursor to the potential third party claim for indemnification by Pacor against Manville.  Yet the outcome of the Higgins-Pacor action would in no way bind Manville, in that it could not determine any rights, liabilities, or course

---

[4]  Defendants argue that "common factual and legal questions" as well as the "interests of judicial economy" support "related to" jurisdiction in this action.  *See* Notice of Removal ¶ ¶ 33, 36.  As a matter of law, however, "[s]hared facts between the third-party action and a debtor-creditor conflict do not in and of themselves suffice to make the third-party action 'related to' the bankruptcy.  Moreover, judicial economy alone cannot justify a court's finding jurisdiction over an otherwise unrelated suit." *In re Zale*, 62 F.3d 746, 753-54 (5th Cir. 1995).  Accordingly, the Court must reject these contentions as a basis for federal subject matter jurisdiction.

of action of the debtor.  Since Manville is not a party to the Higgins-Pacor action, it could not be bound by res judicata or collateral estoppel.  Even if the Higgins-Pacor dispute is resolved in favor of Higgins (thereby keeping open the possibility of a third party claim), Manville would still be able to relitigate any issue, or adopt any position, in response to a subsequent claim by Pacor.  Thus, the bankruptcy estate could not be affected in any way until the Pacor-Manville third party action is actually brought and tried.

*Pacor*, 743 F.2d at 995 (citations omitted); *see also In re Federal-Mogul*, 300 F.3d 368, 382 (3d Cir. 2002) (rejecting "related to" jurisdiction because third party actions would have no immediate or direct detrimental impact on the estate); *Arnold v. Garlock*, Inc., 278 F.3d 426, 434 (5th Cir. 2001) (Fifth Circuit applies *Pacor* test; "related to" jurisdiction was not triggered until a litigant brought a direct claim against the debtor for contribution based on the prior judgment). Thus, under *Pacor*, potential claims for indemnification by the debtor do not create "related to" jurisdiction as a matter of law.

As the court stressed in *176-60 Union Turnpike, Inc., v. Howard Beach Fitness Center, Inc.*, 209 B.R. 307, 313 (Bankr. S.D.N.Y. 1997) (emphasis in the original), "there can be no conceivable detriment to the administration of the bankruptcy case where no claim has been asserted '*against*' the bankruptcy estate" and there is therefore no "related to" bankruptcy jurisdiction.  *See also Retirement Systems of Alabama v. J.P. Morgan Chase & Co.*, 285 B.R. 519, 529 (Bankr. M.D. Ala. 2002) ("Where a lawsuit's potential effect on a bankruptcy estate is 'speculative and premature' then such a case fails to warrant federal bankruptcy 'related to' jurisdiction.").

This Court should follow *Pacor*, which has been cited with approval by the Supreme Court and the Second Circuit.  *Celotex*, 514 U.S. at 308; *Cuyahoga*, 980 F.2d at 114. The logic and policy of *Pacor* are sound.  The rule enunciated in *Federal-Mogul* that an action

6

will not be deemed "related to" a bankruptcy if the claimed effect on the bankruptcy estate
requires the intervention of another lawsuit (here, a contingent claim by Defendants against
Enron for indemnification) is likewise a sound limiting principle.  Recognizing "related to"
jurisdiction in every case where there are theoretical indemnity claims <u>would</u> render it virtually
"limitless."  In almost every case where there is a bankruptcy case pending, it could be argued (as
Citibank argues here) that there are potential indemnity claims that might be asserted.  Citibank
does not suggest it has actually sought indemnity based on these Plaintiffs' claims and there is no
evidence that such an indemnity claim, even if asserted, would have any effect on the Enron
bankruptcy estate.  Such an imaginary or hypothetical "effect" on the estate does not meet the test
under *Pacor* and *Cuyahoga*.[5]  *See, e.g., 176-60 Union Turnpike, Inc.,* 209 B.R. at 313 (a
controversy having "only [a] speculative, indirect or incidental effect on the estate' is not 'related
to' the bankruptcy action") (quoting *In re Inn on the Bay, Ltd.*, 154 B.R. 364, 367 (Bankr. S.D.
Fla. 1993)).

    **B.**    <u>**Citibank Incorrectly Asserts That Plaintiffs' Claims in This Case Could Be Satisfied by an Outcome of the Enron Bankruptcy (They Cannot); But Either Way This Assertion Does Not Support Federal Jurisdiction**</u>

        Citibank mischaracterizes Plaintiffs' claims in its Notice of Removal, asserting
incorrectly that "the basis for most of Plaintiffs' claims is that the Enron claims delivered to the

------------------------------------------------------------

[5] A recent decision in this district took a more expansive view of the *Pacor* test.  In *In re WorldCom Inc. Securities Litigation*, the court rejected the specific outcome of *Pacor* in favor of a broader grant of jurisdiction, requiring only that potential indemnity claims have a "reasonable basis" in order to justify the exercise of federal jurisdiction.  293 B.R. 308, 320 (S.D.N.Y. 2003); *see also In re Global Crossing*, 311 B.R. 345, 347 (S.D.N.Y. 2003) (relying on *WorldCom* in finding "related to" jurisdiction based on potential contribution claims by officer of bankrupt corporation).  Plaintiffs respectfully submit that the *WorldCom* motion was wrongly decided and represents a departure from the *Pacor* test applied in the Second Circuit.

trusts are not Qualifying Claims." Notice of Removal ¶ 33.  Further, Citibank baselessly asserts that "the vast bulk of Plaintiffs' claims in this case will be satisfied" if the bankruptcy court reverses field and allows the Plaintiff Trusts to recover on Enron claims that Citibank assigned to the Trusts.  Notice of Removal ¶ 33.  This is a serious misstatement.  Nearly all Plaintiffs' claims challenge the Trusts' original, underlying transactions with Defendants and will not be satisfied regardless of any outcome on the assigned Enron claims in the bankruptcy.  Plaintiffs sued Citibank and its affiliates, who arranged these fraudulent transactions, in a state-law action with principal claims of fraud and fraudulent transfer.  Plaintiffs' action does not trigger "related to" jurisdiction because, as in *Pacor*, it is a separate dispute among creditors of Enron that will not increase or decrease the assets and liabilities in Enron's estate.  *Cf. In re P.D.S. Dev. Corp.*, 103 B.R. 93, 95 (Bankr. S.D.N.Y. 1989) (effect of substituting one creditor of the debtor for another insufficient for "related to" jurisdiction); *In re Selig*, 135 B.R. 241, 244 (Bankr. E.D. Pa. 1992) (dispute between creditors as to their claim against debtors not within the scope of bankruptcy jurisdiction).  Plaintiffs certainly cannot be made whole by any action of the Enron bankruptcy judge or any payment on the Enron claims they hold.

More fundamentally, the fact that the bankruptcy court's determination of the value of the assigned Enron claims may have some impact on the amount of damages Citibank owes Plaintiffs in *this* case does *not* justify the exercise of federal jurisdiction.  Citibank has it backwards.  The test is not whether the bankruptcy might in some way affect this case, but rather whether this case will have an effect on the bankruptcy.  *See In re Cuyahoga*, 980 F.2d at 114.  In dealing with limited federal jurisdiction, established jurisdictional boundaries cannot be stretched so readily.  *Cf. U.S. ex rel. King v. Hillcrest Health Center, Inc.*, 264 F.3d 1271, 1278 (10th Cir.

2001) ("The premise of limited jurisdiction also means the Act [on which jurisdiction is based] should not be read in a manner that impermissibly expands federal jurisdiction") (citations and internal quotation marks omitted).  Events that may increase or decrease damages in this case are irrelevant to the test for federal jurisdiction, which is only concerned with the effects of this action on the bankruptcy estate.  As noted, the only allegation Citibank makes of such an effect is the potential for indemnification claims by it against Enron which, as discussed above, is insufficient as a matter of law.

II.     **This Court Should Remand This Case to State Court Pursuant to the Permissive Abstention Provisions of 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b).**

A.     **The Relevant Factors Support Abstention Under §§ 1334(c)(1) and 1452(b)**

Even if this Court were to rule that this action is "related to" the Enron bankruptcy within the meaning of 28 U.S.C. § 1334(b), it should abstain from hearing this action pursuant to the permissive abstention provisions of 28 U.S.C. §§ 1334(c)(1) and 1452(b).  "When a state court proceeding sounds in state law and bears a limited connection to a debtor's bankruptcy case, abstention is particularly compelling."  *In re United Container, LLC*, 284 B.R. 162 (Bankr. S.D. Fla. 2002).

Section 1334(c)(1) states that "[n]othing in this section prevents a district court in the interest of justice or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."  Section 1452(b) provides this Court with authority to remand this case "on any equitable ground."  The factors to be considered in deciding abstention under either provision (the courts in this district treat the two identically) include:

9

(1)     the effect on the efficient administration of the bankruptcy estate;

(2)     the extent to which issues of state law predominate;

(3)     the difficulty or unsettled nature of the applicable state law;

(4)     comity with state courts;

(5)     the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(6)     the existence of a right to trial by jury;

(7)     prejudice to the involuntarily removed parties.

*Digital Satellite Lenders LLC v. Ferchill*, 2004 WL 1794502 at *5 (S.D.N.Y. August 10, 2004); *Kerusa Co. v. W10Z/515 Real Estate Ltd. P'ship*, 2004 WL 1048239 at *3 (S.D.N.Y. May 7, 2004); *see also In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990).  Here, each of the applicable factors either is neutral or favors abstention.

        1.      <u>Efficient Administration of the Bankruptcy Estate</u>

        Allowing the state court to adjudicate this proceeding will facilitate efficient resolution of the bankrupt estate by not further increasing the number of actions that court must resolve.  Because the resolution of this case will not affect the amount of property available to the estate for distribution, there is no reason to add this case to that court's burden.  *See Kerusa*, 2004 WL 1048239 at *4 (noting that plaintiffs, by attempting to sue a third party directly, took steps so that the litigation did not affect the bankrupt estate).  Further, the action should not be consolidated with the massive multi-district litigation in the Texas courts because deposition discovery--of historic proportions--in that litigation is already well underway; so there will be no

10

increase in efficiency by transferring this case to Texas.  Thus, the first factor points strongly for abstention.

2.      The Extent to Which State Law Dominates

As in both *Kerusa* and *Digital Satellite*, the action is governed entirely by state law.  The action, based on New York law, involves primarily New York plaintiffs bringing suit arising out of a New York-based transaction.  State law issues do not merely predominate, they are the only issues in the case.  *See  Kerusa*, 2004 WL 1048239 at *5 ("[T]he fundamental fact here is that the issues in this litigation exclusively concern state law, and do not implicate any question of bankruptcy law or other matters of uniquely federal expertise"); *see also In re Federal-Mogul*, 282 B.R. at 315 (abstention appropriate in part because state law predominates); *In the matter of Oliver Stores, Inc.*, 107 B.R. 40, 43 (Bankr. N.J. 1989) ("Where a civil procedure sounds in state law and bears limited connection to the debtor's bankruptcy case, abstention is particularly compelling.").

3.      Difficulty of Unsettled Nature of Applicable State Law

This case presents difficult issues under New York's fraudulent transfer statute, N.Y. Debtor & Creditor L §§ 273 *et seq*.  In addition, to resolve this case the Court must determine the nature and extent of Citibank's duties to the Plaintiff Trusts due to its role as the directing party of the Trusts, a question that has not been fleshed out by New York courts.  In these circumstances abstention is particularly compelling.  *See Port Authority of New York and New Jersey v. CCI-Bowers Co.*, 1992 WL 164441 (D. N. J. 1992) (relying on unsettled nature of state law claims in abstaining from exercising "related to" jurisdiction).

11

4.    Comity With State Courts

This factor overlaps with the preceding two.  Principles of comity call for abstention even if questions of law are not difficult or unsettled when, as here, all claims are based on state law.  *Kerusa*, 2004 WL 1048239 at *5 (noting that even if there are no unsettled or difficult questions, the fact that the matter concerns exclusively state law suggests abstention is appropriate); *Digital Satellite* 2004 WL 1794502 at *6 (same).  As the court noted in *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 408 (Bankr. S.D.N.Y. 1991) (quoting *Midlantic Nat'l Bank/Citizens v. Comtek Electronics, Inc.*, 23 B.R. 449, 451 (Bankr. S.D.N.Y. 1982): "This is a state law action and a state court is better able to respond to a suit involving state law."

5.    Lack of Connection to the Bankruptcy

This case at most has a tenuous relation to Enron's bankruptcy.  Neither Enron nor its former officers or directors are parties to this action; the only possible connection to the bankrupt estate is that Citibank claims it <u>may</u> have an indemnification claim against the debtor. This Court has recently held that when the alleged relationship to bankruptcy is based purely on potential indemnification claims, abstention is particularly appropriate.  In *Digital Satellite*, the Court stated:

> The only relationship of the defendants with the bankruptcy
> proceeding is the possibility that WSNet may indemnify Ferchill
> and Tyson in the event that plaintiffs prevail in this action. In other
> cases involving state law actions that potentially implicate claims
> for indemnification, courts have held that if defendants "acquire an
> indemnification claim, [they] can assert it in the bankruptcy case,"
> and jurisdiction should not be retained on that basis.

12

*Id.* (citing *In re Masterwear Corp.*, 241 B.R. 511, 521 (Bankr. S.D.N.Y. 1999)).  Thus when the only connection to the bankruptcy is a potential indemnification claim, the connection is not strong enough to warrant retaining jurisdiction.

Further, any connection to the Enron bankruptcy here is significantly more remote than the connection deemed insufficient in the *Kerusa* case, where the debtor and several of its insurers were actually defendants.  Even there, the *Kerusa* court also held that remand was appropriate, noting that "[w]hile it cannot be denied that the bankrupt debtor . . . is a significant party to these actions, the issues in the case are remote from the bankruptcy proceedings and the bulk of the matters in these complicated multi-party disputes have nothing to do with the bankruptcy at all."  *Kerusa*, 2004 WL 1048239 at *6.  Similarly, the controversy before the Court in this case has nothing to do with bankruptcy law and does not belong in federal court.

6.    Right to a Jury Trial

Because Citibank does not actually seek to have this case heard in the bankruptcy court where Enron's bankruptcy is pending, but instead seek transfer to the multi-district litigation in Texas, the right to a jury trial is not implicated.  Plaintiffs are entitled to a jury trial in either forum, so the sixth factor is neutral.

7.    Removal Will Prejudice Plaintiffs

Finally, as in *Kerusa*, the involuntarily removed Plaintiffs will be prejudiced because Citibank seeks to transfer this case to a distant forum and force Plaintiffs to be limited to already-commenced discovery.  *Kerusa*, 2004 WL 1048239 at *6.  Texas is far away from the location of parties, witnesses and events relevant to this dispute, which is centered in New York. Plaintiffs will be prejudiced by being forced to litigate these claims--relating to New York

13

transactions and governed by New York law--in Texas, simply because Citibank is embroiled in other disputes in another state.

Further, as noted earlier, numerous depositions have already been taken in the MDL, and Plaintiffs have not had an opportunity to participate. Even going forward, Plaintiffs would have little ability to participate in the scheduled depositions because of the necessary division of labor that occurs in such large-scale litigation. The deposition examination time is rigorously allocated, with almost all being taken up by counsel for the class action plaintiffs and counsel for the trustee. *See* March 11, 2004 Deposition Protocol Order (#2018 in MDL 1446) (requiring allocation of questioning time among numerous parties). Plaintiffs further will be prejudiced by the increase in the length of time before their claims can be tried, as trials are not scheduled to <u>begin</u> for over two years. *See* March 11, 2004 Scheduling Order (#2019 in MDL 1446).

The balance of the factors thus strongly favors remand. All the factors either favor remand (six out of seven) or are neutral with respect to remand (one out of seven). Plaintiffs' original choice of forum should be respected for the resolution of these exclusively state-law claims.[6]

---

[6] Other courts in litigation involving Enron-based investments have confirmed the propriety of abstention. *See, e.g.*, Ruling on Appeal in *Citigroup, Inc. et al. v. Pacific Investment Management Co., LLC (In re Enron Corp.)*, 296 B.R. 505 (C.D. Cal. 2003) (affirming bankruptcy courts and remanding state fraud claims related to purchases of notes offered by Enron); *AUSA Life Insurance Co. v. Citigroup, Inc.*, 293 B.R. 471 (N.D. Iowa 2003) (remanding Enron-related state securities fraud claims because "federal courts ought not to intrude on state court proceedings").

14

**B.**     <u>Citibank's Attempt to Misuse Bankruptcy Jurisdiction Should Not Be
Rewarded</u>

Citibank's pattern of removing any state-court case having any relationship to

Enron, however tenuous, shows that it is attempting to use "related to" jurisdiction to avoid

litigating state law claims in the state forums chosen by Plaintiffs.  In another removed action,

Citibank admitted that it is using "the bankruptcy jurisdiction provisions . . . in an attempt to get

the case to Texas" rather than out of any desire to have the New York Bankruptcy Court handling

the administration of Enron's estate address any bankruptcy-related issues.  *See Retirement*

*Systems of Alabama v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257, 1268-69 (M.D. Ala. 2002)

(remanding state law claims, noting that "the fact that Defendants admit that their ultimate aim is

to have it transferred to Texas . . . underscores the remoteness of this case from the Enron

bankruptcy.").  This Court should not allow Citibank to manipulate "related to" *bankruptcy*

jurisdiction to litigate these entirely state law claims in a federal forum -- while at the same time

attempting to avoid the bankruptcy court that is actually handling the administration of Enron's

estate.  As noted by Judge Posner of the Seventh Circuit in upholding the remand of a case

removed on "related to" grounds, "[t]he use of the Bankruptcy Code to obtain a favorable forum

should not be encouraged." *In re U.S. Brass Corp.,* 110 F.3d 1261, 1265 (7th Cir. 1997).  The

same applies here.

To quote the court in *Federal-Mogul*, "the possibility that [Citibank is] forum

shopping is too obvious to be belabored."  282 B.R. at 316.  The cardinal principle of federal

forum jurisprudence is that the plaintiff's choice of forum should ordinarily not be overturned

unless there are very good reasons for doing so.  There are none here.  Any potential "benefits

from a change in forum do not, however, justify the affront to state and federal comity inherent in the removal of solvent defendants from [an] ongoing state lawsuit[s] into a federal bankruptcy." *Id.* As alleged in the Complaint, Citibank and its affiliates have a substantial presence in New York,[7] and most of the actions and events giving rise to this cause of action occurred or were felt here. This case should be tried here, and tried in state court where it was first filed.

### III.    This Court *Must* Remand This Case to State Court Pursuant to the Mandatory Abstention Provision of 28 U.S.C. § 1334(c).

As a final basis for remand, mandatory abstention under 28 U.S.C. § 1344(c) applies. Section 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case, under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, *the district court shall abstain from hearing such proceeding* if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c) (emphasis added). Plaintiffs' motion for mandatory abstention is timely, *see* 28 U.S.C. § 1447, and this proceeding is based entirely upon state law claims.

Although some courts in this district have held that mandatory abstention is not applicable to removed actions because once an action is removed there is no pending state case, *see, e.g., Renaissance Cosmetics, Inc. v. Dev. Specialists, Inc.*, 277 B.R. 5, 13 (S.D.N.Y. 2002), this reasoning has been rejected by three out of the four Circuit courts that have considered the issue and Plaintiffs submit that the Second Circuit would follow these better-reasoned decisions.

---

[7] To Plaintiffs' knowledge, New York is the principal place of business for both Citibank and its parent, Citigroup. Complaint ¶¶ 43, 44.

16

*See Christo v. Padgett*, 223 F.3d 1324, 1331-32 (11th Cir. 2000) (mandatory abstention applies

to removed action); *In re Southmark Corp.*, 163 F.3d 925, 929 (5th Cir. 1999) (rejecting "out of

hand" the "assertion that statutory abstention does not apply to cases removed to federal court on

the basis of bankruptcy jurisdiction" and noting that "only a handful of bankruptcy court opinions

support it."); *Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 584 n. 3 (6th Cir. 1990)

(same).  *But see In re Lazar*, 237 F.3d 967, 981-82 (9th Cir. 2001) (mandatory abstention not

applicable to removed action).  Plaintiffs respectfully submit that decisions like *Renaissance*

*Cosmetics* are out of keeping with the general consensus of the Courts of Appeal that the

mandatory abstention provision applies to removed cases and request that the Court abstain from

hearing this action because "[it] . . . can be timely adjudicated in a State forum of appropriate

jurisdiction." *In re Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996).

   If this Court concludes, consistent with the three cited Courts of Appeal, that

mandatory abstention applies to removed actions, it must remand this action.  It is indisputable

that timely adjudication can and will occur in New York state court and Section 1334(c)(2)

establishes a legal presumption to that effect.  *See In re Baldwin Park Inn Associates*, 144 B.R.

475, 481 (C.D. Cal. 1992).  Plaintiffs selected the state forum to facilitate swift resolution of this

matter, filed their Complaint on August 23, 2004, and effected service on Citibank by August 24,

2004.  Citibank's removal and Texas transfer strategy is simply designed to slow it down.

   The mandatory abstention statute, 28 U.S.C. § 1334(c), requires remand of this

case.

17

## Conclusion

For the reasons stated above, Plaintiffs respectfully ask the Court to remand this action to the Supreme Court of New York, and to permit Plaintiffs to proceed in their chosen forum.

DATED:  September 27, 2004

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____

    John B. Quinn (JQ 0716)
    Harry A. Olivar, Jr. (HO 5621)
    Lesley E. Williams (LW 8392)

865 S. Figueroa Street, 10th Floor
Los Angeles, CA  90017
213-443-3000


Michael B. Carlinsky (MC 6594)
Lara G. Corey (LG 7562 )
Nathaniel P.T. Read (NR 8807)
335 Madison Avenue, 17th Floor
New York, NY  10017
212-702-8100

Attorneys for Plaintiffs

18